Per Curiam.

In the case of the King v. Surry, (7 Term. Rep. 452.) where the plaintiff, after the return of cepi corpus to a writ, delayed ten months before he ruled the sheriff to bring in the body of the defendant, and both the defendant and his bail had, in the mean time, become insolvent, the court of K. B. set aside an attachment which had been issued against the sheriff. The Court of C. B,, in the case of Rex v. P erring, (3 Bos. & Pull. 151.) held the sheriff discharged under similar circumstances. Here the plaintiff has lain by eighteen months, after the return of the writ, before ruling the sheriff, and after the bail and the deputy’s sureties have become insolvent. We adopt the rule of the English courts, in this respect, as just and reasonable, and, therefore, refuse the attachment.
Motion denied, (a)

 Vide People v. Stevens, 9 Johns. Rep. 72. See also Seymour v. Curtis, 1 Wendell, 105. 2 Ibid. 253. The People v. Shoemaker, and 2 Cowen, 477. n. (a).