## SUPREME COURT.

### LINDSAY agt. SHERMAN.

The affidavit upon which an order was made under §292 of the Code, on proceedings supplementary to the execution, was not made by the judgment creditor, nor did it state that the person making it was his agent, or had any interest in the judgment, or any authority whatever; nor was the order moved for by the attorney on record. *Held*, that the order was irregular, although the affidavit was correct in all other respects and the deponent was in fact the owner of the judgment.

A motion to vacate the order, may be made to the court, without first applying to the judge before whom the proceedings are pending.

An appeal from an exparte order, made by a judge at chambers, will not lie to the general term, under § 350 of the Code.

*Essex Special Term, March* 1851. The defendant had recovered judgment in this court for costs, and issued an execution which had been returned unsatisfied. On an affidavit of those facts, an order had been obtained to appear and answer, &c. under § 292 of the Code. But it did not appear by the affidavit that Shattuck, the person making it, had any interest in the judgment, or was agent for the judgment debtor; and the defendant's attorney swore, on this motion, that the proceedings were instituted without his knowledge. The opposing affidavits showed that Shattuck was the owner of the judgment.

     R. S. HALE, *for the Motion.*

     S. C. DWYER, *Contra.*

HAND, Justice.—Two questions arise: Was the affidavit of Shattuck sufficient? And if not, can the proceedings be set aside in this way?

The affidavit by which they were instituted, contains every necessary allegation, except that it does not show that the person deposing to the facts, has any connection whatever with the case. He does not state that he is interested, or is agent; nor does it appear that his affidavit was made at the request of, or procured by, the judgment creditor or his attorney. On the contrary, it is shown the attorney on the record had no knowledge of the pro-

Lindsay agt. Sherman.

ceedings.   Had the judgment creditor or his attorney actually appeared in the matter, perhaps the case would have been different.   The person making the affidavit, as the case stood before the judge, was simply a volunteer, stirring up a controversy between others, without the authority, or even the knowledge of the judgment creditor.  It now appears that the affidavit was made by the assignee of the judgment; but that proof, at this time can not have a retroactive effect.

Then can the aggrieved party move to vacate the proceedings in this court? or must he first make that motion before the judge before whom the proceedings are pending, and if he fail, appeal? Or must he sue out a certiorari?   I think no certiorari necessary or proper; for the proceedings are in a suit in this court.   And I am inclined to think a party can not appeal from an *exparte* order, made by a judge, at chambers, to the general term (*Code*, § 350; Savage vs. Relyea, 3 *How. Pr. R.* 276).   This was such an order, and the motion to set it aside is made at a special term.   The usual practice formerly, was to apply to the judge or officer granting the order to vacate it, and on his refusal, to appeal to the court (2 *P. & D. Pr.* 50; 1 *Burrell's Pr.* 350).

In Rex vs. Wilkes (4 *Burr.* 2569), it is true, Mr. Justice Yates said, "the validity of a judge's order can be impeached only in two ways, either by appealing to the court to set it aside, or, if made in vacation, by applying in the next term to set aside the proceedings that have been had under it."   That appeal, however, is, in no sense, an appeal under § 350 of the Code.   It is, in fact, nothing more than making a motion to set the order aside (3 *Chit. G. Pr.* 33. And see Lyon vs. Burtis, 4 *Cow.* 539). And I am inclined to the opinion, that the Code also authorizes the same practice.   "An order made out of court, without notice to the adverse party, may be vacated or modified without notice, by the judge who made it, or may be vacated or modified on notice, in the manner in which other motions are made" (§ 324).   I think this extends to a motion in court.

The proceedings must be set aside.   Motion granted.