THE PEOPLE, *ex rel.* Richard O'Brien, *vs.* JOHN HEALY and others.

An order denying a motion for a commitment for not obeying a mandamus is appealable.

Where the alleged contempt is to be made out from contradictory affidavits, then the decision of the judge at chambers is conclusive; and if he is not satisfied as to the intent of the parties charged, the court, on appeal, would not reverse his decision. But where the contempt is not denied, or where an

evasive excuse is offered and the judge, notwithstanding, refuses to order a commitment, such an order may be appealed from, and relief may be had in the general term.

*By the Court,* INGRAHAM, J.   This is an appeal from an order at special term denying a motion for a commitment for not obeying a mandamus.

The motion is opposed on the ground that such an order is not appealable.   I do not assent to that principle.   Where the alleged contempt is to be made out from contradictory affidavits, then the decision of the judge at chambers is conclusive, and if he is not satisfied as to the intent of the parties charged, this court, on appeal, would not reverse his decision.   But where the contempt is not denied, or where an evasive excuse is offered and the judge, notwithstanding, refuses to order a commitment, such an order is appealable and relief may be had in the general term.

But in looking at the answers of the defendants to the interrogatories, I find that a committee was appointed to inquire into the relator's claims ; that they met several times, of which he had notice ; that he produced no witnesses before the committee ; that his counsel proposed to go into an argument as to their powers, which they did not hear ; and that after the service of the mandamus, the board passed a resolution that the other candidate, Houghtaling, was entitled to his seat.

The object of the mandamus was simply to compel the action of the board.   It was the duty of the relator to produce any evidence he had to show that he was entitled to the office.   His neglect to do so, placed him in the wrong.   I do not know that the board are obliged to hear any arguments from counsel on the subject, against their consent.   They should hear the evidence and decide.   They met for the latter purpose, by their committee, and on the neglect after two or three meetings to produce the evidence, they discharged the committee and passed a resolution that Houghtaling was entitled to the seat.   Of this the board was the judge, and

having decided the question, they complied with the direction of the mandamus.

Under this state of facts, I think the justice at special term was justified in holding there was no ground for granting the commitment.

At the same time I must say the course of the board in refusing for so long a time a hearing to the petitioner as to his claim, was in effect a denial of justice to him, and was calculated to defeat his claim to the office if he was entitled to it. For this reason no costs should be given on this proceeding.

Order affirmed, without costs.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Sutherland* and *Ingraham*, Justices.]