Bloodgood *v.* Erie Railway Company.

———————◆———————

JOHN BLOODGOOD and others *vs.* THE ERIE RAILWAY COMPANY and others.

RICHARD SCHELL ·*vs.* THE ERIE RAILWAY COMPANY and others.

THE PEOPLE *vs.* THE ERIE RAILWAY COMPANY and others.

In the matter of the application of THE PEOPLE, &c. for the removal of Daniel Drew from office as director, &c. of the Erie Railway Company.

From an order to show cause, granted *ex parte,* returnable at a future day, and granting a temporary injunction pending the motion, no appeal will lie to the general term, until a hearing has been had on the original order to show cause, or on a motion to vacate or modify such order.

IN each of these cases an order to show cause was granted returnable at a future day, and a temporary injunction was granted pending the motion, in one of these cases, by JusticeCARDOZO, and in the other cases by Justice BARNARD. In each case the order required cause to be shown before the justice granting the order in a place specially designated therein.

In the first three cases the order restrained the defendants, among other things, from the issue of certain bonds and stock of the Erie Railway Company, and from doing

other things connected with the business of the company. In the last, the order restrained the defendant Drew from doing any act as a director of the company. These motions have not been heard or passed upon, but from the original orders to show cause and granting the injunctions therein the defendants respectively appeal.

*C. A. Rapallo* and *C. O'Conor*, for the plaintiffs.

*Jno. E. Burrill, D. D. Field* and *Jas. T. Brady*, for the defendants.

*By the Court*, INGRAHAM, J.   I can see no ground upon which the appeals in these cases can be sustained. They are made from orders only temporary in their character, granted on *ex parte* applications, depending for their continuance on the decision of the court when the motions are heard, and forming in no way a decision such as is properly the subject of an appeal.

If during the temporary stay therein granted, the defendants desired to have the stay vacated or modified, they could apply to the judge granting the same for an *ex parte* order to that effect; or they could have moved before the justice at chambers, on notice, for such an order; but until a hearing has been had on the original order to show cause, or on such motion to vacate or modify the orders, no appeal will lie to the general term.

In *The Bank of Genesee* v. *Spencer*, (15 *How. Pr.* 142,) it was said: " To get rid of an order improperly granted by a judge, the remedy is a motion to set it aside."

In 5 *How. Pr.* ( *p.*308,) the justice held that no appeal would lie from an *ex parte* order of a judge, made at chambers, to the general term.

The same rule was recognized in *Watt* v. *Watt*, (30 *How. Pr.* 345.)   The judge says: " The order is not final, and therefore is not appealable.

In the Matter of Wood.

The appellants have referred to no authority sustaining their appeals, and they are so manifestly contrary to the intent of the Code in regard to such appeals, that it seems to be unnecessary to discuss the matter any farther.

The appeals in each of these cases, from these orders, must be dismissed, with $10 costs.

[NEW YORK GENERAL TERM, April 6, 1868. *Geo. G. Barnard, Ingraham* and *Cardozo,* Justices.]