ELIPHALET W. BLISS, Respondent, *v.* SAMUEL J. HOGGSON, Appellant.

*It seems,* that where, on appeal to this court, cases are served which are defective in not containing the notice of appeal and the judgment and opinion of the General Term, it is not correct practice for respondent's attorney to return the case, and, upon failure to serve others, to enter order dismissing appeal.

*It seems,* also, that the proper practice in such case is to move, upon notice, to have the cases corrected, or that corrected copies be served, and, in default of such correction, that appeal be dismissed.

(Argued March 15, 1881 ; decided March 22, 1881.)

THIS was a motion to vacate an order dismissing the appeal herein, and to restore the case to the calendar.

Notice of appeal to this court was served in October, 1879. On the 16th day of January, 1880, the respondent's attorney served upon appellants notice to serve the printed copies of the case, as required by rule 7 of this court. The cases were served, in pursuance of this notice, on the 26th day of January, 1880, but they were defective in that they did not contain the notice of appeal to this court, the opinion delivered at the General Term, and the judgment entered upon the decision of the General Term ; on account of such defects, they were, on the next day after their service, returned to appellants' attorney, and were afterward retained by him, and no other cases were served. On the 30th day of December, 1880, respondent's attorney noticed the cause for argument, and placed the same on the calendar of this court. On the 26th day of January, 1881, the respondent's attorney, upon filing proof of the notice to serve the cases, as above stated, and default in making

such service, entered an order in the clerk's office, under rule 7, dismissing the appeal for want of prosecution. The remittitur was returned to, and filed in, the Supreme Court, and judgment was thereon entered in that court, with costs of the appeal. Thereafter the respondent commenced an action upon the undertaking given upon the appeal; thereupon an order to show cause for this motion was obtained.

The court say: "We think the respondent's practice was wrong. This is not a case where no cases were served under rule 7, but defective cases were served. The respondent's attorney should have moved upon notice to have the cases corrected, or that corrected copies be served, and that in default of such correction the appeal should be dismissed.

"But we have lost jurisdiction of the case, and we will permit this motion to stand over until the appellant can have an opportunity to procure the return of the remittitur to this court; and we request its return upon such terms as the Supreme Court may deem just."

*G. T. Gardiner* for motion.

*H. F. Anderson* opposed.

*Per curiam* opinion for permitting motion to stand over, and requesting court below to return remittitur.

All concur, except RAPALLO, J., absent.

Ordered accordingly.