THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN I. PLATT, Appellant, v. THE BOARD OF STATE CANVASSERS OF THE STATE OF NEW YORK and FRANK RICE et al., Respondents.

*Contempt — of an order of the Supreme Court — the order is in force until the judgment of reversal of the Court of Appeals is made the Supreme Court judgment — order to show cause appealable — leave necessary for a renewal of a motion — laches.*

An order was made at a Special Term of the Supreme Court and thereafter affirmed by the General Term commanding that the State Board of Canvassers should not canvass certain specified returns. An appeal was taken therefrom to the Court of Appeals, and such order, in so far as it prohibited such board from canvassing such returns, was affirmed. The decision of the Court of Appeals was read by the counsel of such board, and it was communicated to some of the members thereof. After the handing down of such decision, but before

the filing of the remittitur and the entry of an order making the judgment of the Court of Appeals that of the Supreme Court, such board of canvassers canvassed the returns in question.

*Held,* that the order of the General Term was in full force until the judgment of the Court of Appeals was made that of the Supreme Court, and the State Board of Canvassers was guilty of contempt of court in canvassing such returns. (MAYHAM, P. J., dissenting.)

An order of the Special Term denying a motion for an order to show cause why certain persons should not be punished for contempt of court is an order made upon a contested motion, in effect a final order, and is appealable. (MAYHAM, P. J., dissenting.)

Upon an appeal from such an order it would not be proper for the General Term to grant an original order directing the defendants to show cause why they should not be punished for contempt, no permission having been given for the renewal of such motion.

A motion having once been denied cannot be renewed upon the same papers without leave.

A delay in taking proceedings to punish certain persons as for a contempt, because of an alleged disobedience of an order, should not defeat a motion made for an order for such persons to show cause why they should not be punished for such contempt, unless it be shown that such delay has injured such persons or has prevented them from interposing some answer to such motion that could have been asserted if such application had been sooner made. (MAYHAM, P. J., dissenting.)

APPEAL by the relator, John I. Platt, from an order of the Supreme Court, made at Chambers on January 31, 1891, and entered in the office of the clerk of Albany county on the 9th day of June, 1893, denying his motion for an order to show cause why the defendants should not be punished for contempt of court, with leave to renew said motion before any other justice of said court; and also from an order made at the Columbia Special Term and entered in the office of the clerk of Albany county on the 9th day of June, 1893, denying said motion, with notice of a motion to be made at the General Term for an order requiring the defendants to show cause why they should not be punished for contempt, and for other relief.

*John Brooks Leavitt,* for the appellant.

*J. Newton Fiero,* for the respondents.

HERRICK, J.:

After the State election in 1891 a controversy arose in the county of Dutchess over the canvass by the board of county can-

vassers of the vote for State Senator; the county clerk, as secretary of the board of canvassers, refused to sign the statements of canvass as made by the board of canvassers, and said board thereupon by resolution appointed John J. Mylod, one of its members, secretary *pro tem.*, and directed him as such to sign and attest said statements, which he did, and such statements, so signed by him, were transmitted to the Governor, Secretary of State and Comptroller, to be canvassed by the defendants herein as the State Board of Canvassers.

Proceedings were thereupon instituted against the defendants, composing the State Board of Canvassers, to prevent their canvassing the statement or return signed by Mylod, and on December 7, 1891, at a Special Term of the Supreme Court, an order was granted containing the following provision : " It is ordered that a writ of peremptory mandamus issue out of, and under the seal of, this court commanding and requiring the said State Board of Canvassers that they issue a certificate of election to the office of Senator in the fifteenth senatorial district of this State, disregarding the so-called return of the board of county canvassers of the county of Dutchess, which is signed by John Mylod, as secretary of said board *pro tempore*, and is not signed by the county clerk of Dutchess county or certified under the seal of said county clerk, but that instead thereof they consider only such return from the county of Dutchess as may hereafter be filed containing the signature of the county clerk of the county of Dutchess and the chairman of said board of county canvassers, and issue under the seal of said county clerk, and that in their certificate of election the said State Board of Canvassers certify and declare that the person who appears upon the certified returns and statements made by the boards of canvassers of the counties of Columbia, Putnam and Dutchess, in pursuance of the statute and the order of the court, to have received the greatest number of votes, was duly elected Senator from the said fifteenth senatorial district."

This order was affirmed by the General Term and was then taken to the Court of Appeals. (See *People ex rel. Daley* v. *Rice*, 129 N. Y. 449.)

It appears from the opinion of Judge PECKHAM that two grounds were urged in the Court of Appeals for sustaining the order in ques-

tion, one that the return of the county canvassers referred to in said order was not certified by the county clerk, and the other, that the county canvassers illegally threw out votes which had been counted for Mr. Deane by the inspectors of election, and illegally transposed votes canvassed by said inspectors; that votes counted for Mr. Deane were given to Mr. Osborne, and that the board of county canvassers illegally canvassed the returns from the inspectors of election in the whole county and made up their own canvass in opposition to such returns.    As to the first ground, the court held that it was not necessary that the returns of the board of county canvassers should be signed or certified by the county clerk, and in disposing of that question the court said : " We think that under all the facts the steps taken to certify and authenticate the statements were valid, and the proceedings by which they were sent to, and received by, the Secretary of State and other State officers were sufficient to entitle them to be filed and considered by the Board of State Canvassers as the properly certified result of the canvass of the board of county canvassers.    The other ground for directing the State Canvassers to omit to canvass this return remains to be considered."

The court then, after reciting the facts in regard to the second ground of objection to canvassing such return, proceeded as follows :

" Upon these facts standing uncontradicted, we think the court below in its proper branch would have the power to command the State Canvassers to canvass without regard to such a return.    As it contained the result of an illegal and erroneous canvass by the board of county canvassers in excess of its jurisdiction, and which thereby would alter the result of an election, the court should not permit it to be canvassed.    *    *    *    If another return should be duly sent to the board, properly authenticated and containing the result of the legal action of the board of county canvassers, the State board could canvass it.

" We think, as a result, that the order for the writ and the writ itself should be modified by striking out the provisions requiring a return to be certified by, and to come from, the county clerk of Dutchess county, and issued under his seal, and as so modified the order is affirmed."

The remittitur of the Court of Appeals upon such decision was as follows : " It is ordered and adjudged that the order of the Spe-

cial Term herein, dated December 7, 1891, and the order of the General Term affirming the same, and the same writ itself, be modified by striking out the provision requiring a return to be certified by and to come from the county clerk of Dutchess county, and issued under his seal, and that the said order, so appealed from, as so modified, be affirmed, without costs."

Striking out the provisions in the order of the Special Term requiring a return to be certified by and to come from the county clerk of Dutchess county and issued under his seal, the order issued by the Special Term would read as follows :

"It is ordered that a writ of peremptory mandamus issue out of, and under the seal of, this court commanding and requiring the State Board of Canvassers that they issue a certificate of election to the office of Senator in the fifteenth senatorial district of this State, disregarding the return of the board of county canvassers of the county of Dutchess, which is signed by John Mylod, as secretary of said board *pro tem*, but that instead thereof they consider only such return from the county of Dutchess as may hereafter be filed ; and that in their certificate of election the said State Board of Canvassers certify and declare that the person who appears upon the certified returns and statements made by the boards of canvassers of the counties of Columbia, Putnam and Dutchess, in pursuance of the statute and the order of the court, to have received the greatest number of votes, was duly elected Senator from the said fifteenth senatorial district."

Whatever other return the Board of State Canvassers might canvass, they were thus expressly forbidden by an order of the Special Term of this court, affirmed by the General Term and the Court of Appeals, to canvass the so-called "Mylod return," yet in the evening of the same day that the opinion of the Court of Appeals was handed down, and after the same had been read by counsel for the defendants, and as appears from the case, communicated to at least some of the defendants, but, I infer, before the filing of the remittitur and the entry of an order making the judgment of the Court of Appeals that of the Supreme Court, the Board of State Canvassers met and canvassed the votes for Senator in the fifteenth district, and in doing so they failed to disregard the "Mylod return." They used that return in making their canvass.

Without discussing the question whether or not there was a corrected return before the board which they could and should have canvassed, it is sufficient to say that there was an order of the Special Term, affirmed by the General Term and the Court of Appeals, in force, directing a mandamus to issue to the defendants, forbidding the use of the "Mylod" return in making their canvass. This order had been served upon the defendants, and they had appealed from it, and knew the result of such appeal.   Whether or not the remittitur of the Court of Appeals had been filed or judgment entered thereon when the defendants acted in making the said canvass, it seems to me is not important.   The order as affirmed by the General Term was in full force until the judgment of the Court of Appeals was made that of the Supreme Court.

In *Sixth Ave. R. R. Co.* v. *Gilbert El. R. R. Co.* (71 N. Y. 430) it is held that an appeal from a judgment restraining action on the part of a defendant, and a stay of proceedings thereon, does not affect the validity or effect of the judgment pending the appeal.   The defendant is not absolved from the duty of obedience to it or permitted to do that which the judgment prohibits.   The same may be said in reference to the order providing that a mandamus issue directing defendants to disregard the "Mylod" return.   If, when the defendants canvassed the "Mylod" return, the judgment of the Court of Appeals was not made that of the Supreme Court, then the order of the General Term was in force.   If, on the contrary, its remittitur was filed and an order was entered thereon, the judgment of the Court of Appeals affirmed that of the General Term as to the Mylod return.

The only papers before the Special Term on this application, and before this court, are those of the moving parties; their statements are uncontradicted; the defendants have submitted no opposing affidavits or records, and from the record as it is now before this court the fact seems to be established, that while the order of December 7, 1891, held by the Court of Appeals to have been properly granted, on the papers on which it was based, was in full force, providing for the issuance of a mandamus to defendants directing them to disregard the "Mylod" return, the defendants deliberately disobeyed such order and canvassed the "Mylod" return.

It is not desirable to discuss the merits of the case any further

than is necessary to decide this appeal; a prejudgment of the merits of the principal case is to be avoided if possible, but on the case as it now appears before the court I cannot escape the conclusion that in canvassing the so-called "Mylod" return the defendants were guilty of contempt of court; of course, these views may be changed when the defendants submit their version of the transaction, and it is sincerely hoped that they will be able to show such a state of facts as will absolve them.   The suggestion that the Court of Appeals, in the case of *Hasbrouck* v. *The Supervisors* (135 N. Y. 522), held that the return from Dutchess county attempted to be substituted in place of the "Mylod" return was invalid, is not of the slightest consequence in this case; we are only dealing with the "Mylod" return; it was the "Mylod" return the defendants were forbidden to canvass; it was the "Mylod" return they canvassed; and the fact that there was another return, also illegal, which was attempted to be substituted in its place, makes no difference as to the duty of the defendants in reference to the "Mylod" return; the case of *Hasbrouck* v. *Supervisors* did not deal with the "Mylod" return, and in no sense overruled *People ex rel. Daley* v. *Rice* (*supra*).

My attention has been called to the declaration of the Court of Appeals in the case of *The People ex rel. Derby* v. *Rice et al.* (129 N. Y. 461), wherein it said in the case of an order like the one said to have been violated in this case: "If we were free to consider and determine the right or propriety to order the writ of mandamus to issue in this matter, we should not hesitate to hold that it should not have been granted by the Supreme Court at a Special Term. Though the writ is in form one of peremptory mandamus, yet it is by force of its terms and commands in effect an order which restrains the board of State officers engaged in the performance of or about to perform a duty imposed by the statute."

The court based this declaration upon the provisions of section 605 of the Code of Civil Procedure; the opinion proceeds: "However, because of the stipulation of the parties, which accompanies the record here, and because of the failure of the defendants to the proceeding to raise the objection, we have concluded to overlook the question of jurisdiction and to determine the questions at issue upon their merits."

The cases of *The People ex rel. Derby* v. *Rice* and *The People ex rel. Daley* v. *Rice et al.*, were companion cases; they appear to have been argued in the Court of Appeals upon the same day, and to have been decided upon the same day; the orders appealed from were made at and by the same Special Term at the same time, and the stipulation referred to in the *Derby* case embraces also the *Daley* case as well as others; and like the *Derby* case no objections were taken in the court below to the power of the court to grant the order in question; both orders were affirmed by the Court of Appeals, the one in the *Daley* case having been modified as hereinbefore stated.

Unless the order is void upon its face for lack of jurisdiction on the part of the court which granted it, the party violating it is properly adjudged guilty of contempt. (*The People ex rel. Davis* v. *Sturtevant*, 9 N. Y. 263.)

"No matter how erroneous the action of the court may have been in taking cognizance of the suit and awarding a mandatory process, unless there was an entire absence of judicial authority to act in the premises, it was the duty of the defendants to obey its commands, until they have been revoked by an order made in the action in which they had been issued, either upon motion or appeal, or by some other method of direct review." (*People ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252.)

The order in this case having been affirmed by the Court of Appeals, I do not feel at liberty to say that it was a void order; I cannot assume that that court would affirm an order that is void upon its face, but, on the contrary, must hold that the fact that the highest court in the State has affirmed the order is decisive of that question, and that however irregular it may have been, or improperly, or without authority granted, yet that it was not void upon its face; and as we have seen, it not being void upon its face, the party who violates it is properly adjudged guilty of contempt.

It may also be added that upon this motion the question of the authority of the Special Term to grant the order is not raised by the defendants; indeed, it seems to me that the stipulation entered into by them upon the appeal would bar them from raising that question in a proceeding of this character.

Upon the state of facts here recited, an *ex parte* application was

made to Mr. Justice BARNARD for an order directing the defendants to show cause why they should not be punished for contempt; such application was denied, with leave, however, to renew the same before some other judge. In denying the application, the learned justice, in the course of his opinion, made the following statement:

"It was made a question whether the county clerk must certify the return, and the Court of Appeals subsequently held that a board of supervisors was empowered with the right to certify the return by another person than the county clerk if he refused to sign the certificate. The appeal from Judge EDWARDS' order had only this point in it. Before the decision by the Court of Appeals the supervisors had, by the order of this court, recounted the votes so as to elect Mr. Deane, and the vote so recounted was certified by a new county clerk, the old one having been removed by the Governor, and this amended return got to the proper officers before the decision by the Court of Appeals, so that when that decision came, the State Canvassers had, or ought to have had, this corrected return. If the board violated its duty and counted the uncorrected return, it was not a contempt of an order of any court. The order of the court simply provided a legal return of the canvass of the votes, and when it was filed the duty of the court was accomplished."

The learned justice was in error in supposing that the only point in the appeal from Justice EDWARDS' order was, whether the county clerk must certify the return. As we have seen in the extracts we have made from the decision of the Court of Appeals, that was only one of the questions, and while the "Mylod" return was held legal in that respect, it was held illegal on the other grounds. Again, with great respect, it seems to me that the learned justice erred in his statement that "the order of the court simply provided a legal return of the canvass of the votes." It provided more; it provided that the "Mylod" return should not be canvassed.

Application upon notice was subsequently made to Justice EDWARDS for an order to show cause; both sides were heard, and, without expressing any opinion of his own upon the merits, Justice EDWARDS announced that he would follow the decision of Justice BARNARD and denied the application. The appeal here is from both orders.

The objection is made that no appeal lies from the order of Justice BARNARD. It seems to me to be of no consequence whether such order is appealable or not.

In that order permission was given to renew the motion, and, hence, the subsequent motion at the Special Term, over which Justice EDWARDS presided, was regular. It is, therefore, unnecessary to consider whether or not an appeal lies from the prior order made at Chambers by Justice BARNARD.

The learned counsel for the respondents also insists that the latter order of the Special Term, denying relator's motion for an order to show cause, is not appealable. That the order in question, being a mere denial of a motion for an order to show cause, did not affect a substantial right. That the order asked for by relator, if granted, could only have operated as a short notice of motion, and the denial of the motion in no way prejudiced his rights.

I am of opinion, however, that the order in question did prejudice the rights of the relator. It was an order made on a contested motion. The motion was made in pursuance of the provisions of subdivision 1, section 2269, Civil Code. The relator, on making proof by affidavit that defendants had disobeyed an order of the court, served a notice for an order requiring the defendants to show cause why they should not be punished for contempt in pursuance of the provisions of section 2269 (*supra*). Defendants had notice of the motion, appeared and opposed the granting of it, and the motion was denied. If this order stands unreversed it prevents any further application or proceeding by the relator to punish defendants for the alleged contempt. It is, in effect, a final order. By the well-settled rules and practice of this court such an order — no leave being given to move again on the same papers — prevents another motion of the same character. (*Seaman* v. *McReynolds*, 52 N. Y. Super. Ct. 543 ; *Klumpp* v. *Gardner*, 44 Hun, 515 ; *Riggs et al.* v. *Pursell et al.*, 74 N. Y. 370.)

It is urged by appellant that although *this* court should not conclude to reverse the order in question, yet that on the same affidavits and papers on which that order was founded it could and should grant an original order, directing the defendants to show cause as asked for by the relator. I think the position is not well taken. Assuming that a General Term could properly, on an original appli-

cation, grant such an order, yet such General Term, in that view, possesses no more or other power than the Special Term to commit for contempt in such a case, and as relator elected, on notice, to make his application at the Special Term, no permission having been given to renew the motion, it would not be proper for this court on the same papers to grant the order asked for.    As we have no other or greater power (if we have any) than the Special Term, we are governed by the well-established rule of practice that a motion which has been denied cannot be renewed on the same papers without leave. It follows that the order in question is practically a final order, and amounts to a denial of relator's motion to commit defendants for the alleged contempt.    The order asked for was not a short notice of, or a substitute for, a notice of motion.    It was a preliminary order necessary to be granted, in pursuance of the provision of the Civil Code above referred to in the proceedings to punish defendants for the alleged contempt.    Hence, it is appealable.    (*The People* v. *Healy*, 33 How. 172; *Livingston* v. *Swift*, 23 id. 1.)

If it stands unreversed it certainly ends any attempt of relator to proceed against defendants for their alleged disobedience of the order of this court of December 7, 1891.

It is urged that the order appealed from was properly denied because of the delay in asking for it.    It seems to me this position can be more properly considered on the final hearing of the case.    But I am unable to understand how the delay in relator's taking proceedings on account of the alleged disobedience of defendants of the order of this court should defeat the motion, unless it is shown that such delay injured the defendants or prevented them from interposing some answer to the motion that could have been asserted if the application had been sooner made.    The authorities to which my attention has been called are not parallel.    In *Jourden* v. *Hawkins* (17 Johns. 35) a motion was made for an attachment against the sheriff on account of acts of his deputy, after eighteen months' delay.    During the eighteen months the deputy and his sureties had become insolvent.    Hence, it appeared that the sheriff was injured by the delay in moving for the attachment.    In the case of *The King* v. *The Sheriff of Surry* (9 East, 467) the facts were the same as in the case last cited.    *Rex* v. *Perring et al., late Sheriff* (3 Bos. & Pull. 151), was also a similar case and decided on the author-

ity of *The King* v. *The Sheriff of Surry* (*supra*). It is possible that on the return of the order to show cause respondents may show that they have been injured by the delay, but no such injury appears in the papers submitted to us.

I have not considered what effect, if any, under the peculiar circumstances of the case, the fact (if it is a fact) that no mandamus under the order of December 7, 1891, was served, may have. That question was not discussed on the argument, and may be considered hereafter.

The case is a very embarrassing and delicate one, involving as it does a proceeding against so considerable a portion of a co-ordinate branch of the State government, and I would gladly have been relieved from its consideration, but being here, it must be treated in the same way as a proceeding against any other body of men, and so treating it, I can, from the record before us and for the reasons herein stated, reach no other conclusion than that the defendants have disobeyed the order of this court and are in contempt.

I conclude, therefore, that the order of Justice EDWARDS should be reversed, with ten dollars costs and printing and other disbursements, and that the motion for an order to show cause should be granted.

Let an order be entered accordingly.

PUTNAM, J., concurred.

MAYHAM, P. J. (dissenting) :

This is an appeal from two orders, one made *ex parte* January 31, 1893, by Justice BARNARD of the second judicial district, and one made on motion at Special Term, June 3, 1893, in the third judicial district, by Justice EDWARDS.

Various objections are raised by the respondents to the consideration of these appeals by this court, some of which, at least, are worthy of careful consideration. The first objection of this class is that no appeal will lie from the order of Justice BARNARD, made *ex parte* on the 31st of January, 1893.

It seems quite clear upon authority that an *ex parte* order cannot be appealed from as such. The only way in which such review can be had is by application to the Special Term, or the judge making

the order, to vacate the same, which, if refused, the order denying such motion is appealable. This was expressly held in a special proceeding in the case of *Hoyt* v. *Mann* (7 N. Y. St. Repr. 420), where the opinion was written by DANIELS, J., and concurred in by Judges VAN BRUNT and BRADY. To the same effect is *Shell* v. *Erie Railway* (51 Barb. 273), which was a special proceeding to remove the president of a railroad company, where it was held that the granting an order to show cause *ex parte*, returnable at a future day, and granting a temporary injunction pending the motion, was not an appealable order, and until a hearing had been had on the return of the original order, or a motion to vacate or modify the same had been made and decided, no appeal would lie.

Upon this subject the cases are numerous and uniform. (*Savage* v. *Relyea*, 3 How. 277; *Lindsay* v. *Sherman*, 5 id. 308; *Bank of Genesee* v. *Spencer*, 15 id. 14; *Aldinger* v. *Pugh*, 57 Hun, 181.)

Nor is appeal allowable under the provisions of section 1356. (*In re Dunn*, 14 N. Y. Supp. 14; *In re Johnson*, 27 Hun, 538; *People ex rel. Schlehr* v. *Common Council of Buffalo*, 30 id. 636.)

It would seem to follow, therefore, that the order made by Judge BARNARD *ex parte* on the 31st of January, 1893, is not appealable, and this appeal, so far as it seeks to review that order, must be dismissed.

It is insisted by the learned counsel for the respondents that the order made by Justice EDWARDS at Special Term is not appealable, as it was a denial of an order to show cause, and, therefore, did not affect a substantial right. The language of the order is as follows: "It is ordered that the motion for an order requiring the defendants to show cause why they should not be punished for contempt of court be and the same is hereby denied." Did such an order affect a substantial right so as to bring it within the provisions of section 1356 of the Code of Civil Procedure? That section is as follows: "An appeal may be taken to the General Term of the Supreme Court * * * from an order affecting a substantial right, made in a special proceeding, at a Special Term or a trial term of the same court, or in the Supreme Court at a term of a Circuit Court, or made by a judge of the same court, in a special proceeding instituted before him, pursuant to a special statutory provision, or instituted before another judge and transferred to or continued before him."

It can hardly be maintained that the desired order to show cause affected a substantial right.    The refusal left the relator still at liberty to move for the same relief in an ordinary motion on eight days' notice.

No substantial right was affected by the refusal of the court or judge to grant an order to show cause.    The order if granted could only operate as a short notice of motion, and its refusal in no way impaired or prejudiced the rights of the relator, and for that reason the order of the Special Term was not appealable under the provisions of the section of the Code above quoted.    Rule 37 of the Supreme Court provides that all motions shall be brought on, on notice of eight days, unless a shorter term shall be prescribed.    This is but an amplification of the provisions of section 780 of the Code of Civil Procedure.    In *Gross* v. *Clark* (1 N. Y. Civ. Proc. Rep. 25) Daniels, J., in discussing the nature and effect of such an order, uses this language : "It was simply a substitute for the ordinary notice of motion and it was within the usual power exercised by the court or a judge thereof to make it."    Nor do we think the order in this matter one made by a judge "in a special proceeding instituted before him *pursuant to a special statutory provision*," as provided in the latter part of section 1356 of the Code of Civil Procedure, and made appealable under that section.    It is not the decision of a single judge sitting at Special Term in a matter affecting a *substantial right* which can be reviewed on appeal (*Matter of Brady*, 69 N. Y. 215–220); but, as we have seen, this order, being only a notice of motion in effect and in no way involving the merits of the controversy, or affecting a substantial right, does not, therefore, come within the rule laid down in the authorities referred to by the learned counsel for the relator.    The question of the right of a citizen to invoke the aid of the court to compel the performance by a public officer of a public duty is not involved in these applications for an order to show cause, or in the refusal to grant the order asked for on such application.

We are, therefore, clearly of the opinion that the granting or refusal of the order was discretionary, and as it did not affect a substantial right is not appealable.

It is not impossible that a case might arise where haste was important, and the granting or refusing an order to show cause, as a.

short notice of motion, for reasons given in the moving papers, might affect a substantial right; but no such reason is given in the papers on this motion, and it is quite apparent from the relator's delay in moving that no such reason exists.

This is not, therefore, such a case. As the granting or refusing of this order was, as we have seen, in the discretion of the judge or court, this court on appeal will not interfere with the exercise of such discretion unless there has been a clear abuse of the exercise of such discretion. (*Morrison* v. *Agate*, 20 Hun, 24, 25; *Bryon* v. *Durrie*, 6 Abb. N. C. 140.) Certainly, if what has been shown in regard to the nature of the order denying the relator's application is correct, no abuse of the exercise of the discretion of the judge at Chambers or Special Term has been shown.

The application for these orders was made to, and refused by, the same judges whose orders the relator insists were disobeyed. It is fair to presume that they knew better than this court can the nature of the orders made by themselves, and whether they had been contumaciously violated, and acting upon that knowledge they decline for that or other reasons to grant these orders.

It is also urged with a great deal of force that the relator has delayed for more than a year in making this motion, and has by *laches* waived any alleged violation of the orders which might have occurred. It has frequently been held that *laches* in moving to punish an alleged contempt is good ground for denying the motion. No sufficient reason is given for this delay. The authorities seem to be uniform in this country and England that an attachment for contempt should be moved for, by the party claiming to be aggrieved, in a reasonable time. (Rapalje on Contempts, § 92; *Mongin* v. *Cheney*, 1 Hill [So. Car.], 145.) In *King* v. *Surry* (7 Term, 452) it was held that a delay of ten months barred an attachment. (*Rex* v. *Perring*, 3 Bos. & Pull. 151.) In *Jourden* v. *Hawkins* (17 Johns. 35) eighteen months' delay was held fatal. On these grounds alone the orders asked for might have been properly denied. If the views expressed herein are correct, it is probably unnecessary to go farther, as they would result in the affirmance of the orders and dismissal of the appeals.

Again, as the order made by the Special Term sought to restrain

a board of State officers from performing an act about to be performed in the discharge of a duty imposed by statute, that court had no jurisdiction to grant such an order, as the same could only be granted at a General Term. (Code Civ. Proc. § 605; *People ex rel. Derby v. Rice et al.*, 129 N. Y. 461.)

The order being void the Special Term could not punish its violation as a contempt, even if it has been disobeyed.

But it is urged by the learned counsel for the relator that, if neither of these orders are appealable, it is the duty of this court, if satisfied that an offense was committed, to grant the motion, and that with that view they have inserted in the notice of appeal an application to this court for such an order; and in support of this suggestion we are referred to sections 2269 and 2271 of the Code of Civil Procedure as authority upon this point. Section 2269 reads as follows: "The court, or judge authorized to punish for the offense, may, in its or his discretion, where the case is one of those specified in either of the last two sections, and in every other case must, upon being satisfied by affidavit of the commission of the offense, either

"1st. Make an order requiring the accused to show cause before it, or him, at a time and place therein specified, why the accused should not be punished for the alleged offense; or,

"2nd. Issue a warrant of attachment directed to the sheriff of a particular county, or generally to the sheriff of any county where the accused may be found, commanding him to arrest the accused and bring him before the court or judge, either forthwith, or at a time and place therein specified, to answer for the alleged offense."

Section 2271, also referred to by the relator as conferring this original authority upon this court, reads as follows:

"Where the order to show cause or the warrant is returnable before the court, it may be made or issued as prescribed in the last section but one, by any judge authorized to grant an order without notice in an action pending in the court * * * at which a contested motion may be heard."

These sections do not confer any original jurisdiction on the General Term of this court to perform the duty either of a Special Term or single judge, and in the absence of express statutory authority it may well be doubted whether it has any original juris-

diction of matters of contempt, except, perhaps, the inherent power of punishing for contempts of its own orders.

Nor do we think either that sections 8 or 14 of the Code of Civil Procedure, to which we are referred by the relator's counsel, confer any such original jurisdiction on this court, even if the facts authorized or justified any such belief that the acts of the defendants were contempts of the orders of a Special Term.

But the question having been raised, it may not be improper to inquire what order, if any, of the Supreme Court has been violated by the defendants.

The first order set out in the record was made on the 7th day of December, 1891, at a Special Term held at Albany by Mr. Justice EDWARDS, directed that a writ of peremptory mandamus issue out of, and under the seal of, the court commanding the State Board of Canvassers to issue a certificate of election to the office of Senator in the fifteenth senatorial district of this State, disregarding the so-called return of the board of county canvassers of the county of Dutchess, which is signed by John Mylod as secretary of said board *pro tem.*, and is not signed by the county clerk of Dutchess county, or certified under the seal of said county clerk.   On the making of this order, a stipulation was entered into by the parties interested, signed by their respective attorneys, staying all proceedings by the State Board of Canvassers, these defendants, until the decision of the Court of Appeals upon the above order, and providing for an appeal to that court, the principal question being as to the authority of the returns made to such defendants, signed by John Mylod as secretary *pro tem.* as aforesaid.

The case shows that the appeal from said order was affirmed *pro forma* by the General Term, and heard and decided in the Court of Appeals on the 29th of December, 1891.   On that day the Court of Appeals handed down the following decision :

" It is ordered and adjudged that the order of the Special Term herein dated December 7, 1891, and the order of the General Term affirming the same, and the same writ itself, be modified by striking out the provisions requiring a return to be certified by and to come from the county clerk of Dutchess county and issued under his seal, and the said order so appealed from as so modified be affirmed, without costs."

The case does not show that any remittitur was ever filed making the decision of the Court of Appeals the judgment of the Supreme Court, although the affidavits of one of the relator's attorneys shows that a remittitur was prepared differing somewhat from the decision, and handed to one of the counsel, who had up to that time acted with the party opposing the validity of the Mylod returns. It is insisted by the learned counsel for the defendants that, as the case has never been remitted to this court by the filing of a remittitur, that the matter is not properly here for consideration, and upon that point we are referred to the case of *The People ex rel. Smith* v. *Village of Nelliston* (79 N. Y. 638) and, also, *Bliss* v. *Hoggson* (84 id. 667). But we do not deem it necessary to pass upon that question in this case. I am inclined to the opinion that, within the express decision of the Court of Appeals, so far as to the defendants as State Canvassers, the Mylod returns were the valid returns, and the only ones which they were authorized to canvass, after the decision of the Court of Appeals modifying that of the Special Term. The Court of Appeals, in passing upon the sufficiency of that return in this case, reported under the name of *People ex rel. Daley* v. *Frank Rice* (129 N. Y. 449), by PECKHAM, J., says: "We think that under all the facts the steps taken to certify and authenticate the statements were valid, and the proceedings by which they were sent to, and received by, the Secretary of State and other State officers were sufficient to entitle them to be filed and considered by the Board of State Canvassers as the properly certified result of the canvass of the board of county canvassers."

With this positive declaration by the Court of Appeals squarely overruling the decision of the Special Term, the order of which is made the basis of these proceedings for contempt, we see no escape from the conclusion that the defendants violated no order of any court. And this conclusion is emphasized by the decision of the Court of Appeals in *Hasbrouck* v. *Supervisors* (135 N. Y. 522), where it was expressly held that the returns sought by the relator to be substituted for the Mylod returns were invalid. We, therefore, fully concur with Justices BARNARD and EDWARDS, whose opinions we append and indorse, that the Board of State Canvassers did no act which was a contempt of any order of this court.

The orders appealed from must be affirmed, with costs and printing disbursements.

Order of Justice EDWARDS reversed, with printing and other disbursements, motion for order to show cause granted.

PEOPLE ex rel. PLATT and Another v. RICE et al.

BARNARD, J.:

No presumptive case is made out of contempt against the defendants for any violation of an order of the Supreme Court. The board of supervisors of Dutchess county canvassed the votes as to State Senator by throwing out certain so-called marked ballots. The election law was imperative that such votes should be counted in the first instance. The clerk refused to sign the return and the board made Mr. Mylod, its clerk, to certify its count. These returns, so certified, were forwarded to Albany. It was made a question whether the county clerk must certify the return, and the Court of Appeals subsequently held that a board of supervisors was empowered with the right to certify the return by another person than the county clerk if he refused to sign the certificate. The appeal from Judge EDWARDS' order had only this point in it. Before the decision by the Court of Appeals the supervisors had by order of this court recounted the vote so as to elect Mr. Deane, and the vote so recounted was certified by a new county clerk, the old one having been removed by the Governor, and this amended return got to the proper officers before the decision of the Court of Appeals, so that when that decision came the State Canvassers had or ought to have had this corrected return. If the board violated its duty and counted the uncorrected return it was not a contempt of an order of any court. The order of the court simply provided a legal return of the canvass of the votes, and when it was filed the duty of the court was accomplished.

Motion for order to show cause denied.

THE PEOPLE ex rel. PLATT and Another v. RICE et al.

EDWARDS, J.:

This is an application to a Special Term of this court under section 2269 of the Code of Civil Procedure for an order requiring the Board of State Canvassers to show cause why they should not be punished for an alleged violation of an order of this court. The same application upon the same affidavits was heretofore made to Justice BARNARD at Chambers, who, under that section of the Code, had the same jurisdiction to issue an order to show cause that the court has at Special Term. The learned justice who heard the application considered it deliberately and came to the conclusion that the order ought not to be granted. In his written opinion he says that no presumptive case is made out for a contempt against the defendants for any violation of an order of the Supreme Court. He further says that if the board violated its duty and counted the uncorrected return it was not a contempt of any order of any court. This court is now asked upon this application upon the same motion papers that were before Justice BARNARD, substantially to review the decision of the learned justice, and to reach a different

conclusion. It is maintained by the learned counsel for the relators that the justice to whom the prior application was made erred in his decision. I think if this were so the better practice would have been to have made this application at a Special Term held by the same justice, and if satisfied of any error of judgment no one would have been more prompt to correct it.

The duty of the court upon this application is very clear. I shall follow the decision of Mr. Justice BARNARD, and if such decision be error the relators have a perfect remedy.

The application is denied.